IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARNELL L. KELSO, | ) | Civil Action No. 2:24-cv-518 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALLEGHENY COUNTY, | ) | |
| JOHN HARING, JASON COSTANZO, | ) | |
| DANIEL MAYER and WILLIAM GOOD, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, DARNELL L. KELSO, by and through his attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1.      This is an action for the redress of grievances and in vindication of civil rights guaranteed to the Plaintiff under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2.      This action is brought against the Defendants for violating Plaintiff's rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

3.      Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3). Supplemental jurisdiction over Plaintiff's state law claim is also proper pursuant to 28 U.S.C.A. § 1367.

4.      Venue is proper under 28 U.S.C.A. § 1391(b).  All claims set forth herein arose in the Western District of Pennsylvania.

PARTIES

5.      Plaintiff, Darnell L. Kelso, is an adult individual who resides in Allegheny County, Pennsylvania.

6.      Defendant, Allegheny County ("County"), is a municipal corporation with offices located at 542 Forbes Avenue, Pittsburgh, Pennsylvania 15219.

7.      Defendant, John Haring ("Haring"), is a United States Citizen.  Plaintiff believes, and therefore avers, that Defendant Haring is a resident of Allegheny County, Pennsylvania.  At all times relevant to this Complaint, Defendant Haring was a law enforcement officer employed by the Coraopolis Police Department, with offices located at 1304 4th Avenue, Coraopolis, Pennsylvania 15108, purporting to act within the full scope of his authority and office, and under color of law and pursuant to the statues, ordinances, regulations and customs and usages of the Coraopolis Police Department.

8.      Defendant, Jason Costanzo ("Costanzo"), is a United States Citizen.  Plaintiff believes, and therefore avers, that Defendant Costanzo is a resident of Allegheny County, Pennsylvania.  At all times relevant to this Complaint, Defendant Costanzo was a law enforcement officer employed by Defendant County's Police Department, with offices located at 875 Greentree Road, 10 Parkway Center, Pittsburgh, Pennsylvania 15220, purporting to act within the full scope of his authority and office, and under color of law and pursuant to the statues, ordinances, regulations and customs and usages of Defendant County's Police Department.

9.      Defendant, Daniel Mayer ("Mayer"), is a United States Citizen.  Plaintiff believes, and therefore avers, that Defendant Mayer is a resident of Allegheny County, Pennsylvania.  At all times relevant to this Complaint, Defendant Mayer was a law enforcement officer employed by Defendant County's Police Department, with offices located at 875 Greentree Road, 10 Parkway

Center, Pittsburgh, Pennsylvania 15220, purporting to act within the full scope of his authority and office, and under color of law and pursuant to the statues, ordinances, regulations and customs and usages of the Defendant County's Police Department.

10.     Defendant, William Good ("Good"), is a United States Citizen.  Plaintiff believes, and therefore avers, that Defendant Good is a resident of Allegheny County, Pennsylvania.  At all times relevant to this Complaint, Defendant Good was a law enforcement officer employed by Defendant County's Police Department, with offices located at 875 Greentree Road, 10 Parkway Center, Pittsburgh, Pennsylvania 15220, purporting to act within the full scope of his authority and office, and under color of law and pursuant to the statues, ordinances, regulations and customs and usages of the Defendant County's Police Department.

<u>FACTUAL ALLEGATIONS</u>

11.     On or about April 7, 2022, at or about 6:30 p.m., Plaintiff was exiting his vehicle in a residential area and was shot in his groin area by an unknown individual.

12.     Shortly thereafter, law enforcement officers, including, but not limited to, Defendant Haring, were dispatched to the scene.

13.     At that time, Plaintiff informed law enforcement officers that he was exiting his vehicle when he was shot and that he did not know who had shot him.

14.     No firearms, shell casings, or ballistic evidence were found on the Plaintiff's person, in the Plaintiff's possession, at the scene, in the surrounding area, or in the Plaintiff's vehicle.

15.     There was, and is, no evidence that the Plaintiff possessed a firearm at the time of the incident.

16.     No witnesses saw the shooting take place or the shooter.  Furthermore, no witness told Defendant Haring and/or any other law enforcement officer that the Plaintiff shot himself.

17.     Plaintiff was transported to the hospital by ambulance in order to receive medical treatment for his serious injuries.

18.     Thereafter, Defendant Haring unlawfully towed the Plaintiffs vehicle to the Coraopolis Borough Police Station, without a valid warrant, without the Plaintiff's consent and without any probable cause to do so.

19.     There were no exigent circumstances to allow a seizure of the Plaintiff's vehicle without the Plaintiff's consent or a valid warrant.

20.     Plaintiff's vehicle was legally parked across the street from his residence at the time that he was shot.

21.     During the Plaintiff's preliminary hearing, Defendant Haring testified that the Plaintiff's car was towed for evidentiary reasons.

22.     Defendant Haring also testified that the Plaintiff's car insurance had lapsed, but later testified that he learned that it had not.

23.     Defendant Haring did not have any probable cause to seize, did not possess a valid warrant, and did not have the Plaintiff's consent to seize the Plaintiff's vehicle.

24.     As part of the investigation into the above-described shooting, on or about that same day, Defendant Costanzo unlawfully seized the Plaintiff's clothing from the hospital, while the Plaintiff was undergoing surgery, and examined the Plaintiff's clothing.

25.     Plaintiff had not been charged with any criminal offense in connection to the above-described incident at the time that Defendant Costanzo unlawfully seized the Plaintiff's clothing from the hospital.

26.     Defendant Costanzo did not possess a valid warrant to lawfully seize and/or examine the Plaintiff's clothing without the Plaintiff's permission.

27.     Furthermore, Defendant Costanzo had no probable cause to seize and/or examine the Plaintiff's clothing.

28.     There were no exigent circumstances to allow a seizure of the Plaintiff's clothing without the Plaintiff's consent or a valid warrant.

29.     There was, and is, no evidence that the Plaintiff possessed a firearm at the time of the incident.

30.     Moreover, Plaintiff did not give his consent for Defendant Costanzo and/or any other law enforcement officer to seize his clothing.

31.     Based on his unlawful seizure of the Plaintiff's clothing, as described hereinbefore above, Defendant Costanzo falsely claimed that the placement of a hole and blood on the Plaintiff's clothing showed that the Plaintiff's gunshot wound was self-inflicted.

32.     Defendant Costanzo, Mayer, and/or Good did not provide the Plaintiff's clothing to the crime lab in order to receive an expert opinion on this evidence or to confirm that the blood and bullet hole indicated that the wound was self-inflicted.

33.     Defendants Good and/or Mayer initiated the process of obtaining and executing a search warrant for the Plaintiff's vehicle as a direct result of Defendant Costanzo's unlawful seizure of the Plaintiff's clothing.

34.     Defendants Good and/or Mayer intentionally and recklessly sought and obtained an invalid, unlawful search warrant, and they used that warrant to conduct an illegal search of Plaintiff's vehicle, all without probable cause.

35.     Defendants Mayer and/or Good were aware, or should have been aware, through the use of reasonable caution, that Defendant Costanzo collected the Plaintiff's clothing without a valid search warrant, without consent, and without any pending criminal charges against the Plaintiff.

36.     Defendants Mayer's and Good's Affidavit of Probable Cause for the search of the
Plaintiff's vehicle included statements that the Plaintiff's clothing was taken from hospital
personnel by Defendant Costanzo, while the Plaintiff was in surgery.

37.     Therefore, Defendant Mayer and/or Good were aware that the Plaintiff's clothing was
unlawfully seized and that there was no probable cause to search the Plaintiff's vehicle.

38.     Defendants Mayer and/or Good unlawfully searched the Plaintiff's vehicle, which was
unlawfully seized by Defendant Haring, as more fully described hereinbefore above, without a
valid search warrant, without the Plaintiff's consent, and without any probable cause to do so.

39.     On or about April 14, 2022, Defendant Good criminally charged the Plaintiff with
various crimes in connection with the above-described shooting and the unlawful search of the
Plaintiff's vehicle.

40.     The charges against the Plaintiff included (1) felony count of Person Not to Possess a
Firearm and two (2) counts each of Possession with Intent to Deliver and Possession of
Controlled Substance.

41.     Defendant Good's Affidavit of Probable Cause lacked probable cause to charge the
Plaintiff.

42.     Defendant Good's Affidavit of Probable Cause included the unlawful seizure of the
Plaintiff's clothing and the unlawful search of the Plaintiff's vehicle, as more fully described
hereinbefore above.

43.     Plaintiff was arrested and incarcerated at Allegheny County Jail throughout the pendency
of his criminal proceedings, from on or about April 14, 2022, to on or about April 28, 2023.

44.     Plaintiff was incarcerated as he attempted to recover from serious injuries, which required post-operative care. As a result of his unlawful incarceration, Plaintiff's recovery was prolonged and made unnecessarily more painful.

45.     At no time during the above-described incident on April 7, 2024, did the Plaintiff have a firearm in his possession.

46.     There was, and is, no corroborative evidence to suggest that the Plaintiff had a firearm in his possession at the time of the incidents described hereinbefore above.

47.     There was, and is, no corroborative evidence to suggest that the Plaintiff shot himself.

48.     Defendant County has a duty to properly train, control, discipline and/or supervise its agents, including Defendants Costanzo, Mayer and Good.

49.     Plaintiff believes, and therefore avers, that Defendant County failed to train, control, discipline and/or supervise its law enforcement officers.

50.     More specifically, Defendant County has a duty to properly train Defendants Costanzo, Mayer and Good on properly conducting a search and seizure and the proper method with which to secure a lawful search warrant.

51.     Furthermore, Defendant Costanzo made statements, including, but not limited to, statements made during the Plaintiff's primary hearing, that seizing the Plaintiff's clothing, as described hereinbefore above, was a "standard procedure" of Defendant County.

52.     Therefore, Plaintiff believes, and therefore avers, that unlawfully seizing the Plaintiff's clothing, as more fully described hereinbefore above, was part of a policy, pattern, practice or procedure of Defendant County's police department.

53.     On or about October 18, 2022, Plaintiff's criminal attorney filed a Petition for Writ of Habeas Corpus.

54.     On or about April 12, 2023, Plaintiff's charges were dismissed by the Honorable Randal B. Todd.

55.     At that time, Judge Todd found that the criminal charges against the Plaintiff were the "Fruit of the Poisonous Tree" based on the illegal seizure of Plaintiff's property without probable cause.  Judge Todd also found that Plaintiff's constitutional rights were violated.  There was no appeal taken, and Judge Todd's decision was final.

56.     As a direct result of the actions of the Defendants, and each of them, Plaintiff was affected financially and professionally and suffered substantial economic losses.

57.     Furthermore, as a direct result of the actions of the Defendants, and each of them, Plaintiff suffered severe emotional trauma and distress, as well as severe physical pain and suffering.

COUNT I:

PLAINTIFF v. DEFENDANT JOHN HARING

VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS,
SPECIFICALLY, §1983 AND THE FOURTH AMENDMENT
OF THE UNITED STATES CONSTITUTION

UNLAWFUL SEIZURE

58.     Plaintiff incorporates by reference Paragraphs 1 through 57 as though fully set forth at length herein.

59.     Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendant Haring for violations of the Plaintiff's constitutional rights under color of law.

60.     At all times relevant hereto, pursuant to 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution, Plaintiff had the right to be free from an unlawful seizure of his vehicle by Defendant Haring.

61.     As more fully described hereinbefore above, Defendants Haring seized the Plaintiff's vehicle without any consent, probable cause, exigent circumstances and/or a valid warrant to do so.

62.     Defendant Haring knew, or should have known through the exercise of reasonable caution, that no reasonable basis existed for seizing Plaintiff's property without probable cause.

63.     Seizing the Plaintiff's property without just cause or lawful excuse constitutes malice on the part of Defendant Haring.

64.     Defendant Haring acted under the color of law and their actions constituted an arbitrary and unconscionable abuse of government authority.

65.     The actions of Defendant Haring were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff, thereby subjecting Defendant Haring to punitive damages.

66.     As a direct and proximate result of the acts described hereinbefore above perpetrated by Defendant Haring, Plaintiff suffered the following injuries and damages:

   a.     Plaintiff's rights under the Fourth Amendment to the United States constitution were violated;

   b.     physical pain and suffering;

   c.     fright, horror, and shock;

   d.      emotional trauma and suffering;

   e.     economic damages in the form of lost wages; and

   f.     economic damages related to any other consequential costs.

   WHEREFORE, Plaintiff demands compensatory general damages against Defendant Haring, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest

as permitted by law; punitive damages and such other relief, including injunctive and/or

declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF<br>v.<br>DEFENDANTS ALLEGHENY COUNTY and JASON COSTANZO

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,<br>SPECIFICALLY, §1983 AND THE FOURTH AMENDMENT<br>OF THE UNITED STATES CONSTITUTION

UNLAWFUL SEARCH AND SEIZURE

67.     Plaintiff incorporates by reference Paragraphs 1 through 66 as though fully set forth at

length herein.

68.     Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against

Defendant Costanzo for violations of the Plaintiff's constitutional rights under color of law.

69.     At all times relevant hereto, pursuant to 42 U.S.C. §1983 and the Fourth Amendment to

the United States Constitution, Plaintiff had the right to be free from an unlawful search and

seizure by Defendant Costanzo.

70.     Defendant Costanzo unlawfully seized the Plaintiff's clothing from the hospital, while the

Plaintiff was undergoing surgery, and examined the Plaintiff's clothing without any consent,

probable cause and/or a search warrant.

71.     Defendant Costanzo knew, or should have known through the exercise of reasonable

caution, that no reasonable basis existed for seizing and/or searching Plaintiff's clothing.

72.     Searching Plaintiff's property and/or person without just cause or lawful excuse

constitutes malice on the part of Defendant Costanzo.

10

73.     Defendant Costanzo acted under the color of law and their actions constituted an arbitrary and unconscionable abuse of government authority.

74.     Plaintiff believes, and therefore avers, that Defendant County failed to train, control, discipline and/or supervise its law enforcement officers.

75.     Defendant County has a duty to properly train, control, discipline and/or supervise its agents, including Defendants Costanzo, Mayer and Good.

76.     More specifically, Defendant County has a duty to properly train Defendants Costanzo, Mayer and Good on properly conducting a search and seizure and the proper method with which to secure a lawful search warrant.

77.     Furthermore, Defendant Costanzo made statements, including, but not limited to, statements made during the Plaintiff's primary hearing, that seizing the Plaintiff's clothing, as described hereinbefore above, was a "standard procedure" of Defendant County.

78.     Therefore, Plaintiff believes, and therefore avers, that unlawfully seizing the Plaintiff's clothing, as more fully described hereinbefore above, was part of a policy, pattern, practice, or procedure of Defendant County's police department.

79.     The actions of Defendant Costanzo were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff, thereby subjecting Defendant Costanzo to punitive damages.

80.     As a direct and proximate result of the acts described hereinbefore above perpetrated by Defendant Costanzo, Plaintiff suffered the following injuries and damages:

    a.      Plaintiff's rights under the Fourth Amendment to the United States constitution were violated;

    b.      physical pain and suffering;

    c.      fright, horror, and shock;

    d.       emotional trauma and suffering;

e.  economic damages in the form of lost wages; and

f.  economic damages related to any other consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against Defendants County and Costanzo, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendant Costanzo, and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF
v.
DEFENDANTS ALLEGHENY COUNTY,
DANIEL MAYER and WILLIAM GOOD

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTH AMENDMENT
TO THE UNITED STATES CONSTITUTION

UNLAWFUL SEARCH

81.  Plaintiff incorporates by reference Paragraphs 1 through 80 as though fully set forth at length herein.

82.  The Defendants Mayer and Good initiated the process of obtaining and executing a search warrant for the Plaintiff's property and seizing property of the Plaintiff as a result of that search.

83.     Defendants Mayer and Good intentionally and recklessly sought and obtained an invalid, unlawful search warrant, and they used that warrant to make an illegal search of Plaintiff's vehicle, all without probable cause.

84.     Defendants Mayer and Good knew, or should have known through the exercise of reasonable caution, that no reasonable basis existed for issuance and execution of a search warrant on the Plaintiff's vehicle.

85.     Obtaining and executing on a search warrant without probable cause constitutes malice on the part of Defendants Mayer and Good.

86.     Defendants Mayer and Good, and each of them, acted under the color of law and their actions constituted an arbitrary and unconscionable abuse of government authority.

87.     Obtaining and executing on an illegal, invalid search warrant without probable cause, and the seizure of Plaintiff's property without just cause or valid excuse, constituted an unlawful search and seizure by Defendants Mayer and Good in violation of Plaintiff's rights under 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution.

88.     Plaintiff believes, and therefore avers, that Defendant County failed to train, control, discipline and/or supervise, supervise its law enforcement officers.

89.     Defendant County has a duty to properly train, control, discipline and/or supervise its agents, including Defendants Mayer and Good.

90.     More specifically, Defendant County has a duty to properly train Defendants Mayer and Good on properly conducting a search and seizure and the proper method with which to secure a lawful search warrant.

91.     Furthermore, Defendant Costanzo made statements, including, but not limited to, statements made during the Plaintiff's primary hearing, that seizing the Plaintiff's clothing, as described hereinbefore above, was a "standard procedure" of Defendant County.

92.     Therefore, Plaintiff believes, and therefore avers, that unlawfully seizing the Plaintiff's clothing, as more fully described hereinbefore above, was part of a policy, pattern, practice, or procedure of Defendant County's police department.

93.     The actions of Defendants Mayer and Good were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff, thereby subjecting Defendant Mayer and Good to punitive damages.

94.     As a direct and proximate result of the acts described hereinbefore above perpetrated by Defendant Good, Plaintiff suffered the following injuries and damages:

      a.      Plaintiff's rights under the Fourth Amendment to the United States constitution were violated;

      b.      physical pain and suffering;

      c.      fright, horror, and shock;

      d.       emotional trauma and suffering;

      e.      economic damages in the form of lost wages; and

      f.      economic damages related to any other consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against Defendants County, Mayer and Good, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendants

Mayer and Good, and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT IV:

PLAINTIFF
v.
DEFENDANT ALLEGHENY COUNTY

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, §1983 AND THE FOURTH AMENDMENT
OF THE UNITED STATES CONSTITUTION

MUNICIPAL LIABILITY

95.     Plaintiff incorporates by reference Paragraphs 1 through 94 as though fully set forth at length herein.

96.     Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendant Allegheny County for violations of the Plaintiff's constitutional rights under color of law.

97.     At all times relevant hereto, pursuant to 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution, Plaintiff had the right to be free from unlawful searches and/or seizures by Defendant Costanzo, Mayer and Good.

98.     Plaintiff believes, and therefore avers, that Defendant County failed to train, control, discipline and/or supervise its law enforcement officers.

99.     Defendant County has a duty to properly train, control, discipline and/or supervise its agents, including Defendants Costanzo, Mayer and Good.

100.    More specifically, Defendant County has a duty to properly train Defendants Costanzo, Mayer and Good on properly conducting a search and seizure and the proper method with which to secure a lawful search warrant.

101.    Furthermore, Defendant Costanzo made statements, including, but not limited to, statements made during the Plaintiff's primary hearing, that seizing the Plaintiff's clothing, as described hereinbefore above, was a "standard procedure" of Defendant County.

102.    Therefore, Plaintiff believes, and therefore avers, that unlawfully seizing the Plaintiff's clothing, as more fully described hereinbefore above, was part of a policy, pattern, practice, or procedure of Defendant County's police department.

103.    As a direct and proximate result of the acts described hereinbefore above perpetrated by Defendants Costanzo, Mayer, and Good, Plaintiff suffered the following injuries and damages:

      a.    Plaintiff's rights under the Fourth Amendment to the United States constitution were violated;

      b.    physical pain and suffering;

      c.    fright, horror, and shock;

      d.    emotional trauma and suffering;

      e.    economic damages in the form of lost wages; and

      f.    economic damages related to any other consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against Defendant County, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT V:

PLAINTIFF v. DEFENDANT WILLIAM GOOD

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTH AMENDMENT
TO THE UNITED STATES CONSTITUTION

MALICIOIUS PROSECUTION

104.    Plaintiff incorporates by reference Paragraphs 1 through 103 as though fully set forth at

length herein.

105.    Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against

Defendant Good for violations of Plaintiff's constitutional rights under color of law.

106.    At all times relevant hereto, pursuant to 42 U.S.C. §1983 and the Fourth Amendment to

the United States Constitution, Plaintiff had the right to be free from prosecution without

probable cause.

107.    Defendant Good intentionally charged the Plaintiff without probable cause and initiated

the unjustified prosecution of the Plaintiff.

108.    As a result of Defendant Good's criminal charges against the Plaintiff, Plaintiff was

arrested and detained for the pendency of his criminal proceedings.

109.    Defendant Good knew, or should have known, through the exercise of reasonable

caution, that no reasonable basis existed for the aforementioned criminal charges to be brought

against Plaintiff.

110.    Defendant Good knew, or should have known, that no probable cause existed for

prosecution of the Plaintiff.

111.    There was, and is, no corroborative evidence to suggest that the Plaintiff had a firearm.

112.    There was, and is, no corroborative evidence to suggest that the Plaintiff shot himself.

113.    No witness interviewed by the Defendant saw the shooting take place or the shooter.

Furthermore, no witness told the Defendant that the Plaintiff shot himself.

114.    No firearm was found in connection with the above-described shooting.

115.    Furthermore, Plaintiff was charged as a direct result of the unlawful searches and seizures

of his clothing and vehicle, as more fully described hereinbefore above.

116.    Charging the Plaintiff without probable cause constitutes malice on the part of Defendant

Good.

117.    The arrest, seizure and subsequent prosecution of the Plaintiff constituted a malicious

prosecution by Defendant Good in violation of Plaintiff's rights under 42 U.S.C. § 1983 and the

Fourth Amendment of the United States Constitution.

118.    The actions of Defendant Good constituted malicious prosecution in that:

    a.    Defendant Good initiated criminal proceedings against Plaintiff;

    b.    the criminal proceedings ended in the Plaintiff's favor;

    c.    the arrest, seizure and prosecution of the Plaintiff were initiated without
          probable cause

    d.    Defendant Good acted maliciously and/or for purposes other than bringing
          the Plaintiff to justice; and

    e.    Plaintiff suffered an unlawful seizure of his person in violation of
          Plaintiff's rights under 42 U.S.C. § 1983 and the Fourth Amendment to
          the United States Constitution.

119.    The actions of Defendant Good were willful, wanton and/or done with a reckless

disregard for the rights of Plaintiff, thereby subjecting Defendant Good to punitive damages.

120.    As a direct and proximate result of the acts described hereinbefore above perpetrated by

Defendant Good, Plaintiff suffered the following injuries and damages:

    a.    Plaintiff's rights under the Fourth Amendment to the United States
          constitution were violated;

b.      physical pain and suffering;

c.      fright, horror, and shock;

d.       emotional trauma and suffering;

e.      economic damages in the form of lost wages; and

f.      economic damages related to any other consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against Defendant

Good, in the amount proven at trial; compensatory special damages including, but not limited to,

costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as

permitted by law; punitive damages and such other relief, including injunctive and/or declaratory

relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT VI:

PLAINTIFF v. DEFENDANT WILLIAM GOOD

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTH AMENDMENT
TO THE UNITED STATES CONSTITUTION

<u>FALSE ARREST</u>

121.    Plaintiff incorporates by reference Paragraphs 1 through 120 as though fully set forth at

length herein.

122.    Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against

Defendant Good for violations of Plaintiff's constitutional rights under color of law.

123.    At all times relevant hereto, pursuant to 42 U.S.C. §1983 and the Fourth Amendment to

the United States Constitution, Plaintiff had the right to be free from unreasonable seizure of his

person and arrest without probable cause.

124.    The unreasonable false arrest and subsequent seizure of Plaintiff's person, initiated by Defendant Good, constituted an unreasonable deprivation of the Plaintiff's liberty in violation of the Fourth Amendment to the United States Constitution, and at all times was done without probable cause to believe the Plaintiff had committed an act which would justify his arrest.

125.    The actions of the Defendant Good were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff, thereby subjecting Defendant Good to punitive damages.

126.    Defendant Good charged the Plaintiff without the requisite probable cause to do so.

127.    The conduct of Defendant Good deprived the Plaintiff of his right to be free from unreasonable and unlawful detention and arrest.

128.    Pursuant to 42 US.C. § 1983 and the Fourth Amendment to the United States Constitution, Defendant Good had a duty and/or was required to avoid the unlawful arrest of the Plaintiff without probable cause.

129.    As a direct and proximate result of the acts described hereinbefore above perpetrated by Defendant Good, Plaintiff suffered the following injuries and damages:

    a.    Plaintiff's rights under the Fourth Amendment to the United States constitution were violated;

    b.    physical pain and suffering;

    c.    fright, horror, and shock;

    d.     emotional trauma and suffering;

    e.    economic damages in the form of lost wages; and

    f.    economic damages related to any other consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against Defendant Good, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as

permitted by law; punitive damages and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT VII

PLAINTIFF v. DEFENDANT WILLIAM GOOD

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTH AMENDMENT
TO THE UNITED STATES CONSTITUTION

FALSE IMPRISONMENT

130.    Plaintiff incorporates by reference Paragraphs 1 through 129 as though fully set forth at length herein.

131.    The subsequent detainment of Plaintiff pursuant to his false arrest, as more fully described hereinbefore above, constituted false imprisonment of the Plaintiff and violated the Plaintiff's right as guaranteed to him by the Fourth Amendment to the United States Constitution.

132.    The actions of Defendant Good were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff, thereby subjecting Defendant Good to punitive damages.

133.    As a direct and proximate result of the acts described hereinbefore above perpetrated by Defendant Good, Plaintiff suffered the following injuries and damages:

      a.     Plaintiff's rights under the Fourth Amendment to the United States constitution were violated;

      b.     physical pain and suffering;

      c.     fright, horror, and shock;

      d.      emotional trauma and suffering;

      e.     economic damages in the form of lost wages; and

f.      economic damages related to any other consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against Defendant Good, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT VIII:

PLANTIFF
v.
DEFENDANTS JOHN HARING and JASON COSTANZO

VIOLATION OF PLAINTIFF'S
PENNSYLVANIA COMMON LAW RIGHTS

<u>TRESPASS TO CHATTELS</u>

134.    Plaintiff incorporates by reference Paragraphs 1 through 133 as though fully set forth at length herein.

135.    As more fully described hereinbefore above, Defendant Haring unlawfully seized intentionally deprived the Plaintiff of his vehicle, without Plaintiff's consent and without any lawful justification to do so.

136.    As more fully described hereinbefore above, Defendant Costanzo unlawfully seized intentionally deprived the Plaintiff of his clothing, without Plaintiff's consent and without any lawful justification to do so.

137.    The actions of the individual Defendants, and each of them, were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff, thereby subjecting the named Defendants, and each of them, to punitive damages.

138.    As a direct and proximate result of the acts described hereinbefore above perpetrated by the named Defendants, and each of them, Plaintiff suffered the following injuries and damages:

      a.    violation of the Plaintiff's rights under the Common Law of Pennsylvania;

      b.    fright, horror and shock;

      c.    emotional trauma and suffering;

      d.    economic damages related to the loss of money and the cost of a suit; and

      e.    any other consequential damages.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendants, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the named Defendants, and each of them; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Law Offices of Joel Sansone
Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated: April 5, 2024